IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL SCHULTZ, | ) |
| Plaintiff, | ) ) ) ) |
| V. | ) ) ) Cause No. 23-cv-1419 |
| INDIANA UNIVERSITY HEALTH, INC., RACHEL HOFFMAN, and TAMMY HABEGGER-SPICE, | ) ) ) ) |
| Defendants. | ) ) |

# **C O M P L A I N T**

Plaintiff Crystal Schultz, by counsel respectfully makes her Complaint for Damages and avers as follows:

## **Nature of Case**

1. This lawsuit seeks redress from a company that fired Plaintiff for seeking medical attention after she obtained time off under the Family and Medical Leave Act and after obtaining accommodations under the Americans with Disabilities Act.

## Jurisdiction

2. Plaintiff brings this action pursuant to 29 U.S.C. § 2617 to redress Defendants' violation of the Family and Medical Leave Act and the Americans with Disabilities Act. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

3. Venue is proper in the Indianapolis Division because the Defendants reside in this division and the events complained of occurred in this division.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 because the state-law claims arise out of the same events as the federal claims

## Parties

5. Crystal Schultz is an adult U.S. Citizen who resides in Carrabelle, Florida.

6. Indiana University Health is a corporation with its principal place of business in Indianapolis, Indiana.

7. Rachel Hoffman is an adult residing in Marion County, Indiana

8. Tammy HaBegger-Spice is an adult residing in Marion County, Indiana

## Factual Allegations

9. Crystal Schultz ("Schultz") was employed at Indiana University Health ("IU") from October 10th to June 16, 2023.

10. Schultz is a licensed clinical therapist specializing in addiction treatment.

11. Schultz was placed at IU through her studies at Indiana Wesleyan University ("Wesleyan"), where she was completing a Master's Degree in addiction treatment. Wesleyan requires as part of her degree program that she complete an internship with a healthcare provider.

12. As part of Wesleyan's program, Schultz, IU, and Wesleyan entered into a contract in which Schultz agreed to provide addiction therapy to IU's patients, IU agreed to supervise Schultz' performance, and Wesleyan agreed to monitor Schultz' completion of its requirements. A copy of that contract is attached as Exhibit A.

13. In December 2022 Schultz was diagnosed with Dupuytryn's Contracture, a rare cancer that causes nodules in her hands and which is treated with radiation. The radiation treatment is painful and makes it both difficult and detrimental to her recovery to use her hands.

14. Her oncologist, Paul Anthony, M.D., ("Dr. Anthony") issued several work restrictions while Schultz underwent radiation treatment. These included using a voice dictation system so that she would not have to type or hand write patient notes.

15. Because Schultz often had to write notes despite the voice dictation system, Dr. Anthony believed the restrictions were insufficient and he ordered that Schultz take 30 days off work entirely.

16. Schultz sought and obtained 30 days of time off under the Family and Medical Leave Act from May 11th 2023 to June 16th 2023.

17. On May 5, 2023 her academic advisor at Wesleyan, Dr. Donald Osborn, conducted a Zoom meeting with Schultz' supervisors at IU, Rachel Hoffman and Tammy HaBegger-Spice, along with a representative from IU's personnel department, Megan Cragan.

18. At that meeting Dr. Osborn was told that Schultz had voluntarily terminated her internship. This news greatly surprised Osborn as Schultz was close to completing the internship.

19. Osborn asked pointed questions about whether Schultz' job performance was inadequate or her behavior unprofessional. Hoffman and HaBegger-Spice told Osborn that there were no problems with Schultz' work, professionalism, teamwork, or patient treatment.

20. On May 10, 2023 Schultz was given a document indicating that she had requested to end her internship and which, by signing it, would formally terminate the internship.

21. In fact, Schultz never told anyone that she wished to terminate her internship and had no desire to do so.

22. She did not sign the document.

23. Shortly before Schultz' 30-day medical leave was due to end, on June 13, 2023, Schultz was informed she was terminated.

24. Schultz was not disciplined for misconduct or poor work performance at any time during her employment at IU.

25. At the time of her termination Schultz was not on any kind of probation or final warning status.

26. Schultz has been damaged through the loss of her employment, the interruption of her academic internship, and harm to her reputation.

## **Legal Claims**

27. IU terminated Schultz in violation of the Family and Medical Leave Act.

28. IU terminated Schultz in retaliation for her use of the Americans with Disabilities Act.

29. IU breached its internship contract under Indiana law by terminating her unlawfully.

30. Rachel Hoffman and Tammy HaBegger-Spice tortuously interfered with Schultz' contractual relationship with IU by falsely stating that she terminated her contract with IU and Wesleyan voluntarily.

### **Relief**

31. Plaintiff seeks all relief allowable by law, including compensatory and punitive damages, reinstatement, costs, and attorney fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and for all other appropriate relief.

Respectfully submitted,

_____
Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866
jmcquary@tlawindy.com