UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL SCHULTZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA UNIVERSITY HEALTH, INC., )<br>RACHEL HOFFMAN, )<br>JEFFREY PAROBACHEK, )<br>)<br>Defendants. ) | No. 1:23-cv-01419-JRS-MG |

**Order on Motion to Dismiss**

### I.  Introduction

In her Amended Complaint, Crystal Schultz alleges that Indiana University Health, Inc. ("IU Health"), through Rachel Hoffman and Jeffrey Parobacheck, wrongfully terminated her employment in retaliation for Schultz seeking accommodations under the Americans with Disabilities Act ("ADA").  (ECF No. 36.) Schultz claims that this retaliatory firing violated her rights under the ADA and under Indiana state law.  *Id.*  Now before the Court is IU Health's Motion to Dismiss for failure to state a claim.  (ECF No. 40.)  For the reasons that follow, IU Health's motion is **denied** in part, and **granted** in part.

### II.  Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted challenges "the legal sufficiency of a complaint" under Rule 8(a)'s

standards.  *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).  Under Rule 8(a), a complaint must contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," and draw all reasonable inferences in the plaintiff's favor.  *Iqbal*, 556 U.S. at 678; *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).  A complaint is not required to identify legal theories, and "specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).  Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law," meaning the Rule's scope is not limited to claims which are "obviously unsupportable." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

### III.   Discussion

Schultz alleges that she was fired in retaliation for seeking accommodations under the ADA, and that this retaliatory termination violated her rights under the ADA and Indiana state law.  IU Health moves to dismiss both claims.

A. <u>ADA Claims</u>

Schultz alleges that she was terminated by IU Health because she requested and obtained a 30-day medical leave. Schultz frames her medical leave as an ADA accommodation and alleges that IU Health's termination was a violation of her rights under the statute. (Br. in Opp'n to Mot. to Dismiss 4, ECF No. 45.) IU Health argues that Schultz's ADA claim fails because she does not "allege she is a 'qualified individual' with a disability," nor make clear the specific "'use' of the ADA for which she was allegedly retaliated against." (Def's. Mem. in Supp. of Mot. to Dismiss 5, ECF No. 41.) As previously noted, when ruling on a motion to dismiss the court must draw all reasonable inferences in the plaintiff's favor. *Roberts* 817 F.3d at 564. It does not take much for this Court to infer, based on the contents of the Amended Complaint, that Schultz was a qualified individual under the ADA and that her relevant ADA "use" was requesting a 30-day medical leave as a reasonable accommodation under the statute.[1]

Although Schultz's Amended Complaint does not make clear through which avenue of the ADA she brings suit, at the pleading stage, failure to present a proper legal theory is not fatal to a complaint. *Rabe*, 636 F.3d at 872. There are three potential ADA claims that Schultz sufficiently pleads. The first is a retaliation claim. The second is a discrimination claim for disparate treatment. And the third

---

[1] The issue of whether a 30-day medical leave constitutes a reasonable accommodation is discussed later in this Order.

is a discrimination claim for failure to provide reasonable accommodations. The Court will flesh out each theory in turn.

    i.    Retaliation

To raise an ADA retaliation claim, a litigant must allege three elements: "(1) the employee engaged in statutorily protected activity; (2) the employer took adverse action against the employee; and (3) the protected activity caused the adverse action." *Freelain v. Vill. of Oak Park*, 888 F.3d 895, 901 (7th Cir. 2018). Requesting a reasonable accommodation is a type of protected activity under the statute. *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 938 (7th Cir. 2006) ("[E]veryone agrees that [plaintiff] engaged in statutorily protected expression when he requested an accommodation."). Notably, an individual does not need to be disabled or meet the criteria of a "qualified individual" as defined by the ADA to succeed on an ADA retaliation claim. *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) ("The ADA also prohibits retaliating against individuals (qualified or not) who have engaged in activities protected by the ADA, such as . . . requesting reasonable accommodations… A court's conclusion that an individual does not have a disability does not foreclose a retaliation claim."). An employee's good-faith request for a reasonable accommodation is enough to constitute protected activity. *Cassimy* 461 F.3d at 938 ("Even if [the plaintiff] was not disabled, it would still violate the statute if the Board had retaliated against him for attempting to raise a good-faith claim under the ADA.").

From the contents of Schultz's Amended Complaint, this Court can infer that (1) Schultz made a good faith request for what she believed was a reasonable accommodation (30-day leave) under the ADA; (2) IU Health terminated her during the leave; and (3) Schultz was terminated because she requested and obtained a reasonable accommodation (30-day leave).  The first two elements are clearly alleged and do not warrant further discussion.  On the question of causation, Schultz alleges she was asked, but refused, to sign a formal termination letter after obtaining medical leave. (Am. Compl. ¶¶ 20–23, ECF No. 36.)  Schultz also alleges that her supervisors denied there were any issues with Schultz's work performance prior to her requesting leave. (*Id.* ¶ 19.)  These facts, taken together with the suspicious timing of Schultz's termination, are enough to raise an inference that Schultz was terminated because she engaged in statutorily protected activity.  Therefore, Schultz has sufficiently stated an ADA retaliation claim.

    ii.    Disparate treatment

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  To bring an ADA claim for disparate treatment, a litigant must allege the following: "(1) [s]he is disabled; (2) [s]he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the adverse job action was caused by [her] disability." *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016).  In order to establish causation at the pleading stage, Schultz must present sufficient facts to raise an inference that IU Health discriminated against her "on the basis of

[her] disability." *Id.* From the contents of her complaint, the Court concludes that Schultz has adequately pled all three elements.

The ADA defines "disability" to include "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C § 12102(1)(A). While Schultz was employed as a therapist at IU Health, she was diagnosed with Dupuytren's Contracture. (Am. Compl. ¶ 13, ECF No. 36). As a result, Schultz developed nodules on her palms, which limited her ability to use her hands. *Id.* Skin nodules and the inadvertent bending of fingers are physical impairments, and Congress has made clear that the "[performance of] manual tasks," such as handwriting or typing, is a major life activity under the ADA. ADA Amendments Act of 2008, Pub. L. 110–325, S. 3406, 122 Stat. 3553, 3554. More generally, the ADA at its inception was intended to provide a "broad scope of protection" to individuals with disabilities, and Congress has clarified that the "question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." *Id.* Schultz suffered from a condition that significantly limited her ability to "perform a major life activity that the average person in the general population can perform." *Steffen v. Donahoe*, 680 F.3d 738, 746 (7th Cir. 2012) (quoting 29 C.F.R. § 1630.2(j)(1) (2007)). Thus, Schultz has adequately alleged a disability as defined by the ADA.

A "qualified individual" under the ADA is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C § 12111(8). Only a qualified

individual can bring a discrimination claim under the ADA. 42 U.S.C. § 12112(a). Schultz has alleged that when asked, her supervisors, Hoffman and HaBegger-Spice, raised no issue with Schultz's "work, professionalism, teamwork, or patient treatment" as performed prior to her request for medical leave. (Am. Compl. ¶ 19, ECF No. 36.) Nor was Schultz "disciplined for misconduct or poor work performance at any time during her employment at IU." (*Id.* ¶ 25.) In Schultz's reply to IU's motion to dismiss, she confirms that "[h]er oncologist, Dr. Anthony, believed that 30 days of rest would be sufficient for her to return to work. Had he believed she would not be able to use her hands again Dr. Anthony would have removed her from work entirely." (Br. in Opp'n to Mot. to Dismiss 4, ECF No. 45.) Schultz has adequately alleged that "with or without reasonable accommodation, [she] [could] perform the essential functions" of her job. 42 U.S.C § 12111(8).

On the question of causation, the Court considers the allegation that IU raised no issues with Schultz's work performance, that Schultz was asked to voluntarily terminate her employment shortly after obtaining leave, and that Schultz was involuntarily terminated while on leave. These facts as pleaded are enough to raise the inference that Schultz was terminated because she requested a reasonable accommodation for her disability. Therefore, Schultz has sufficiently pleaded an ADA discrimination claim for disparate treatment.

  iii.  Failure to accommodate

Under the ADA, an employer must make "reasonable accommodations" for an otherwise "qualified individual" with a disability, unless the accommodation would

impose undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A). To establish a prima facie case for failure to accommodate, "'a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability.'" *James v. Hyatt Regency Chicago*, 707 F.3d 775 (7th Cir. 2013) (quoting *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747–48 (7th Cir. 2011)).

As concerns the first element, the Court earlier concluded that, under the pleading standards, Schultz is a "qualified individual" under the ADA based on the facts pleaded in her Amended Complaint. On the second, there is little doubt that IU was aware of Schultz's diagnosis, given that she requested a voice dictation system to assist in taking patient notes, and later requested a doctor-ordered medical leave. (Am. Compl. ¶ 14, ECF No. 36.) At this stage, the Court presumes that Schultz disclosed her medical condition to IU in requesting these accommodations. Thus, the key issue here is whether a 30-day leave could constitute a reasonable accommodation for Schultz's condition. If so, then Schultz has adequately pleaded the third element—that IU failed to reasonably accommodate her by terminating her part-way into medical leave. (*Id.* ¶ 23).

Accommodations under the ADA intend to aid an employee with a disability to perform the essential functions of their employment. *Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 380 (7th Cir. 2003). "The reasonableness of a requested accommodation is a question of fact." *Haschmann v. Time Warner Ent. Co.*, 151 F.3d 591, 601 (7th Cir. 1998). The Seventh Circuit has made clear that time-off is the kind of

accommodation whose reasonableness varies.  "Time off may be an apt accommodation for intermittent conditions…[but] [i]nability to work for a multi-month period removes a person from the class protected by the ADA." *Byrne* 328 F.3d at 381.  "Most other circuits and the Equal Employment Opportunity Commission have concluded that, in some circumstances, an unpaid leave of absence can be a reasonable accommodation under the ADA."  *Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 185 n.5 (2d Cir. 2006) (first citing *Humphrey v. Mem'l Hosps. Ass'n,* 239 F.3d 1128, 1136 (9th Cir. 2001); then citing *García–Ayala v. Lederle Parenterals, Inc.,* 212 F.3d 638, 649-50 (1st Cir. 2000); then citing *Cehrs v. Nw. Ohio Alzheimer's Research Ctr.,* 155 F.3d 775, 781-83 (6th Cir. 1998); then citing *Haschmann v. Time Warner Entm't Co.,* 151 F.3d 591, 601 (7th Cir. 1998); and then citing 29 C.F.R. pt. 1630, app. at 356 (providing that a reasonable accommodation could include "unpaid leave for necessary treatment")).

Initially, Schultz obtained voice dictation software to assist in taking patient notes.  When her pain persisted, Schultz obtained a 30-day doctor-recommended medical leave from her position at IU Health.  As discussed, the Amended Complaint suggests that Schultz had no issue performing the essential functions of her job before developing her hand condition.  Schultz also alleges that 30 days off would have enabled her to return to work.  (Br. in Opp'n to Mot. to Dismiss 4, ECF No. 45.)  Because "*Byrne* leaves open the possibility that a brief period of leave to deal with a medical condition could be a reasonable accommodation in some circumstances," *Severson v. Heartland Woodcraft, Inc.,* 872 F.3d 476, 481 (7th Cir.

2017), Schultz succeeds in presenting at this stage a legally sufficient ADA claim for failure to accommodate.

B. <u>Indiana State Law Claim</u>

Schultz alleges that IU Health's retaliatory termination of her employment violated her rights under Indiana state law.

In Indiana, employment is presumed to be at-will when no definite or ascertainable term is specified. *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). No definite term was specified in Schultz's employment agreement with IU Health, meaning Schultz was an at-will employee and her employment presumptively terminable at any time, with or without cause. *Id.*

Indiana common law recognizes several exceptions to the state's at-will employment doctrine. *Id.* Schultz invokes one such exception here. The "public policy" exception rebuts the employment at-will doctrine when a "clear statutory expression of a right or duty is contravened." *Wior v. Anchor Indus., Inc.*, 669 N.E.2d 172, 177 n.5 (Ind. 1996).

The Indiana Supreme Court has found this public policy exception to apply in only three previous instances. The first, where an employee was terminated for filing a claim under the Indiana Workers' Compensation Act, essentially cutting off their access to the statutory remedy; the second, where an employee was terminated for refusing instructions to violate a law that could impose personal liability on them; and most recently, holding that an employee subpoenaed to testify

and terminated for doing so can be protected under the exception.  *Frampton v. Central Indiana Gas Co.*, 260 N.E.2d 249 (Ind. 1973*); McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind. 1988); *Perkins v. Mem'l Hosp. of S. Bend*, 141 N.E.3d 1231 (Ind. 2020).  These cases are distinct, and Indiana courts have consistently "declin[ed] to carve out a new broad exception to the at-will employment doctrine."  *Perkins* 141 N.E.3d at 1233.  Notably, the Seventh Circuit has made clear that "[t]he remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in [the statute.]"  *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).  The Court agrees it is "highly unlikely that the Indiana Supreme Court would find the remedies available under the ADA inadequate and expand the wrongful discharge exception."  *Boyer v. Canterbury Sch., Inc.,* No. 1:04-CV-367-TS, 2005 WL 2370232, at *5 (N.D. Ind. Sept. 27, 2005).

Because there is no case law to support the claim that a retaliatory discharge in violation of the ADA fits into the public policy exception to at-will employment in Indiana, Schultz's state law claim fails.

### IV.   Conclusion

For the reasons stated, IU Health's Motion to Dismiss (ECF No. 40) is **denied** as to Schultz's ADA claims and **granted** as to Schultz's Indiana state law claim.

**SO ORDERED.**

Date:  3/5/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brian L. McDermott
JACKSON LEWIS PC (Indianapolis)
brian.mcdermott@jacksonlewis.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@tlawindy.com

Megan Ann Van Pelt
Taft Stettinius & Hollister LLP
mvanpelt@taftlaw.com